1  WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MaryAnn Harris, | No. CV-16-3230-PHX-DKD |
| Plaintiff, | |
| v. | **ORDER** |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff MaryAnn Harris appeals from the denial of her application for benefits from the Social Security Administration. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c). As detailed below, the Court concludes that the ALJ's decision contained several legal errors and so a remand for an award of benefits is appropriate.

Procedural Background. After the ALJ issued a decision denying her application for benefits, Harris requested and received review by the Appeals Council. (Tr. 175) The Appeals Counsel vacated the hearing decision and remanded the case with specific instructions for further proceedings. (Tr. 175-76) Subsequently, the record was supplemented, an additional hearing was conducted, and the ALJ issued a second decision that again denied her application for benefits. (Tr. 14-23) Harris appealed this second denial to this Court. (Doc. 1)

Analysis. Harris argues that she is entitled to benefits because the ALJ's decision contains several legal errors. (Docs. 16, 23) The Court agrees.

First, the ALJ's decision failed to address the assessments from Harris' treating providers. Starting in January 2011, Harris received ongoing treatment from James Beach, D.O., and Katherine Leary, PA-C. (Tr. 631; *see, generally* Tr. 624-632, 743-48, 870-82, 1034-41, 1118-75, 1212-30) In September 2012 and again in May 2015, they co-signed a "Medical Assessment of Ability to do Work-Related Physical Activities." (Tr. 1027-28, 1209-1210) At the second hearing, the ALJ acknowledged that these assessments described Harris' abilities as consistent with disability. (Tr. 61) However, the ALJ's decision did not acknowledge either of these assessments.[1] (Tr. 14-23) This was a legal error. 20 C.F.R. § 440.1527(b). And it was not a harmless error because their assessments indicated that Harris was disabled and the ALJ's decision found that she was not disabled. (Tr. 61)

In addition, the ALJ's decision also did not provide a sufficient explanation for evaluating Harris' symptom testimony. An ALJ decision must "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). Harris testified at length about her pain. (Tr. 39-52) The ALJ decision did not provide any specifics to discredit her testimony. Instead, the decision uses the standard pablum[2] and then describes—with a notable absence of specific citation to the record—some of Harris' medical treatment records. (Tr. 19-21) In other words, the decision has no reasons, let alone specific, clear, or convincing reasons, for rejecting

---

[1] The ALJ's decision and the Commissioner's response both imply that the second decision was some form of a supplement to the first decision. This is not accurate. The Appeals Counsel vacated the first decision. (Tr. 175-76) This meant that the ALJ's first decision was nullified and the second decision needed to stand on its own.

[2] "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 19) *Cf. Bjorson v. Astrue*, 671 F3d 640, 644-45 (7th Cir. 2012) (describing this "template" as "meaningless boilerplate").

- 2 -

Harris' testimony about the severity of her symptoms. This is a legal error, and not a harmless one because the Court cannot conduct any kind of meaningful review. *Brown-Hunter*, 806 F.3d at 493-94.

<u>Remand</u>. The Court concludes that these two legal errors constitute sufficient grounds to remand this case for an award of benefits. The decision to remand a case for additional evidence or for an award of benefits is within the discretion of this court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). The court can remand a case with instructions to award benefits when

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Here, all three parts of this test have been met. First, the record was fully developed and included records covering her entire period of disability, from August 2010 to March 2015. (Tr. 14) Moreover, the Court concludes that further administrative proceedings would impermissibly allow the "ALJ to have a mulligan." *Id.* at 1021. Second, as described above, the ALJ should have discussed the opinion of her treating providers and should have provided a link between Harris' testimony and the record. *Brown-Hunter*, 806 F.3d at 493. Finally, if the ALJ had credited as true the testimony of Harris and assessments by her treating provider, the ALJ would be required to find that Harris was disabled. (Tr. 61)

**IT IS THEREFORE ORDERED** that MaryAnn Harris' claim for disability is remanded to the Commissioner of the Social Security Administration for an award of benefits.

. . .

. . .

. . .

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly. The judgment will serve as the mandate of this Court.

Dated this 27th day of October, 2017.

David K. Duncan
United States Magistrate Judge